[Jesus Chavez]

Plaintiff

v.

STATE OF NEBRASKA,
NEBRASKA DEPARTMENT OF
CORRECTIONAL SERVICES,

Defendant.

CASE NO. 8:26cv609

JURY TRIAL DEMANDED

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
2026 OCT 13 PM 12:14
OFFICE OF THE CLERK

NATURE OF THE ACTION

This is an action brought under Title VII of the Civil Rights Act of 1964 and the Nebraska Fair Employment Practices Act to correct unlawful cross-gender sexual harassment, a hostile work environment, and immediate retaliation. Plaintiffs also invoke the supplemental jurisdiction of this Court to bring claims under the Nebraska State Government Effectiveness Act (Neb. Rev. Stat. § 81-2701 et seq.) arising from Defendant's retaliatory termination of a male contractor nurse exactly two hours after he escalated severe cross-gender harassment to facility management. Plaintiff reported systemic patient-care misconduct to the NDCS Inspector General, the Office of the Governor, and to Governor Pillen as verified by contemporaneous written records attached hereto.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1337, 1343, and 1345.
2. This Court exercises supplemental jurisdiction over the state-law whistleblower and statutory claims pursuant to 28 U.S.C. § 1367(a), because the state claims arise from an identical nucleus of operative facts—the June 24, 2025 retaliatory termination.
3. Venue is proper in the District of Nebraska under 28 U.S.C. § 1391(b) because all unlawful employment practices and retaliatory acts occurred within this judicial district.

PARTIES

4. Plaintiff, the EEOC, is an agency of the United States government charged with enforcing federal anti-discrimination mandates.
5. Plaintiff-Intervenor, [Jesus Chavez, was a male resident of the State of Nebraska who was engaged as a contractor nurse for Defendant.
6. Defendant, State of Nebraska, operates the Nebraska Department of Correctional Services (NDCS) and acted as a joint-employer with Share Staff LLC exercising complete control over the schedule, duties, and workplace of the Plaintiff-Intervenor.

STATEMENT OF FACTS

The Cross-Gender Harassment & Hostile Work Environment

7. Plaintiff-Intervenor worked continuously as an NDCS contractor nurse for three and a half years with an exemplary professional record.
8. Throughout 2025, Plaintiff-Intervenor was subjected to severe, unwelcome, and pervasive harassment within the facility's medical units by NDCS staff member Associate Warden Seth Perlman.
9. Specifically, Plaintiff-Intervenor was subjected to inappropriate sexual advances, offensive remarks, and hostile behavior perpetrated by an NDCS staff member, optometry aide Brianna Quesenberry, alongside generalized hostile behavior from various administrative personnel including Warden James Jansen.
10. Despite explicit notifications regarding the hostile behavior of surrounding administrative staff, facility leadership failed to execute prompt, effective intervention or corrective remedial actions. Instead, the cross-gender harassment and harassment from NDCS Administration was permitted to continue unhindered, creating an abusive working environment that severely altered the conditions of Plaintiff-Intervenor's contract assignment.

Systemic Patient-Care Misconduct & Whistleblower Escalation
11. In tandem with the hostile work environment, Plaintiff-Intervenor observed severe and hazardous operational misconduct within NDCS, including gross patient-care negligence, misallocation of medical placement, and unlicensed personnel practicing medicine without credentials.
12. Recognizing a direct threat to public safety and inmate health, Plaintiff-Intervenor actively escalated these concerns through multiple external state networks.
13. Specifically, Plaintiff-Intervenor initiated contact and held formal interactions with the Office of Governor Jim Pillen. Plaintiff-Intervenor engaged in detailed communication with Dustin Antonello, a Policy Advisor to Governor Pillen, explicitly detailing the ongoing facility misconduct, patient-care failures, and administrative cover-ups. These communications are preserved via written email and text records, attached hereto as **Exhibit A**.
14. Plaintiff-Intervenor further escalated these disclosures to the NDCS Inspector General and the Chief Investigator, Geoff Britton, independent of facility-level management. These communications are preserved via written email records, attached hereto as **Exhibit B**.

The Two-Hour Retaliatory Nexus
15. To shield the agency from liability, NDCS leadership, including Associate Warden Megan Cruickshank, coordinated with outside administrative authorities to fabricate pre-textual performance or organizational grounds for his removal.
16. On June 24, 2025, at approximately 7:07 a.m., Plaintiff-Intervenor formally submitted a comprehensive, written internal complaint to NDCS management, combining his opposition to the ongoing cross-gender sexual harassment by Brianna Quesenberry.
17. Exactly two hours later, at approximately 9:07 a.m.—and directly prior to attempting to discuss the complaint to site Human Resources Mary Herd, Warden James Jansen and Latoya Duckworth abruptly intercepted Plaintiff-Intervenor, processed his immediate removal, and terminated his assignment.

18. Following his termination, Plaintiff-Intervenor lost his annual compensation of $170,000. His forced transition to alternative employment resulted in a severe, ongoing annual wage differential exceeding $92,000.

STATEMENT OF CLAIMS

COUNT I: Title VII & NFEPA – Retaliation
19. Plaintiffs reallege paragraphs 1 through 18.
20. Plaintiff-Intervenor engaged in protected activity under 42 U.S.C. § 2000e-3(a) and Neb. Rev. Stat. § 48-1114 by opposing cross-gender sexual harassment and lodging formal internal and external complaints.
21. Defendant executed an adverse employment action by terminating his contract assignment a mere two hours after receiving his written complaint. The near-instantaneous timeline provides definitive, irrefutable circumstantial evidence of a retaliatory motive.

COUNT II: Title VII & NFEPA – Cross-Gender Hostile Work Environment
22. Plaintiffs reallge paragraphs 1 through 18.
23. Plaintiff-Intervenor was subjected to a severe and pervasive sexually hostile work environment driven by cross-gender harassment from optometry aide Brianna Quesenberry and associated administrative personnel, violating 42 U.S.C. § 2000e-2(a) and Neb. Rev. Stat. § 48-1104.
24. Defendant had actual and constructive knowledge of this targeted harassment but failed to take effective intervention strategies, choosing instead to terminate the victim.

COUNT III: Nebraska State Government Effectiveness Act (Whistleblower Protection)
25. Plaintiff-Intervenor realleges paragraphs 1 through 18.
26. Pursuant to Neb. Rev. Stat. § 81-2701 et seq., state employees and contracted personnel are legally protected against administrative reprisal for disclosing gross mismanagement, waste of funds, or substantial and specific dangers to public health or safety.
27. Plaintiff-Intervenor's direct interactions and disclosures to Governor Pillen's office (**Exhibit A**) and the NDCS Inspector General (**Exhibit B**) constitute fully protected disclosures under the Act.
28. Defendant's abrupt termination of the employee's contract assignment exactly two hours after he consolidated these whistleblowing concerns was a malicious, retaliatory act designed to suppress the investigation, entitling Plaintiff-Intervenor to full statutory damages, attorney fees, and administrative remedies.

PRAYER FOR RELIEF
Wherefore, Plaintiffs respectfully request that this Court:
A. Issue a permanent injunction restraining Defendant from engaging in cross-gender harassment or retaliating against personnel who communicate with the Governor's Office or Inspector General.
B. Award full back pay with prejudgment interest to eliminate the $92,000+ annual wage differential, alongside front pay and complete reinstatement.

C. Award compensatory damages for emotional distress, humiliation, and damage to professional standing resulting from this severe retaliatory action.
D. Order the State of Nebraska to clear Plaintiff-Intervenor's operational file of any pre-textual reprimands or manufactured negative documentation.
E. Award reasonable attorney's fees, litigation expenses, and costs.

JURY DEMAND
Plaintiffs demand a trial by jury on all issues so triable.

Dated this 13 day of October, 2026.

Respectfully submitted,

s/ Jesus Chavez
Jesus Chavez, Plaintiff Pro Se
2162 Liberty Ave
Missouri Valley, Iowa 51555
(202) 336-9290
vicfelix87@icloud.com